## S97Y0023. IN THE MATTER OF T. GORDON LAMB.
### (476 SE2d 751)

PER CURIAM.

Prior to findings of probable cause and the issuance of formal complaints, Lamb filed a petition for voluntary surrender of his license seeking resolution of four State Bar disciplinary matters. These matters consisted of three grievances and a proceeding for the emergency suspension of Lamb's license initiated by the Investigative Panel.

In the first matter, Lamb agreed to represent a client to recover money from its debtors for money owed on various accounts. Lamb negotiated a settlement between the client and a debtor in the amount of $350,000. Although the debtor began making installment payments on the debt, Lamb failed to remit money to the client which he had collected on its behalf. Lamb represented to the client that sloppy bookkeeping had caused the problem. The client and Lamb agreed that Lamb would make monthly installment payments to pay off the deficiency. Lamb made monthly payments for 18 months, but began failing to meet the obligation. At that point, the client filed a grievance against Lamb. Lamb has paid $30,000 toward an $86,000 deficiency, but has not accounted for the total amount collected on the client's behalf.

In the second matter, the State Bar received a grievance from another client of Lamb. The grievance alleged that in or about February 1996, Lamb received certified funds in the amount of $12,000 which he deposited in his escrow account. He held $8,000 in trust for the client. Lamb wrote a check from his escrow account payable to the client for $8,000. The check was returned for insufficient funds. Lamb subsequently made full payment of the funds.

The third matter concerns a grievance filed by another client of Lamb. In or about 1980, Lamb began representing this client in collection matters. Beginning in or about April 1995, Lamb failed to fully account to the client for money collected on its behalf, and failed to forward funds to the client. On May 9, 1996, Lamb wrote a check from his escrow account payable to the client for $4,622.97. The check was returned for insufficient funds. Lamb has remitted $3,000

towards this check, but has not accounted to the client for the total amount of money collected on its behalf.

On June 25, 1996, Lamb filed a Petition for Voluntary Discipline seeking to resolve the first three matters. In his June 25, 1996 petition, Lamb admitted that his conduct constituted a violation of Standards 61, 63 and 65 (A) and (D) of the Bar Rules.[1] Lamb requested that he be suspended for not less than six months and not more than eighteen months, with the condition that his suspension continue until he has provided satisfactory proof that he has made payment to his clients, and if he has not made restitution to his clients, he be disbarred upon motion and satisfactory proof by the State Bar. The State Bar recommended that the review panel accept Lamb's June 25, 1996 petition. However, the review panel rejected Lamb's petition concluding that the case appeared to be much more than a violation of Standards 61, 63 and 65 (A) of the Bar Rules.

Subsequent to the review panel's action, Lamb filed a second Petition for Voluntary Discipline seeking to resolve all four matters. In his second petition, Lamb offers that the appropriate discipline for his conduct is the voluntary surrender of his license to practice law. The State Bar recommended that the review panel accept Lamb's second petition. The review panel accepted and adopted the recommendation of the State Bar, concluding that voluntary surrender is an appropriate discipline for Lamb's conduct. The review panel recommends that this Court accept Lamb's petition and allow him to voluntarily surrender his license to practice law.

We have reviewed the record and accept and adopt the recommendation of the review panel. We accept Lamb's voluntary surrender of his license to practice law, which is tantamount to disbarment. He is reminded of his duties under Bar Rule 4-219 to give timely notification to his clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of that Rule.

*Voluntary surrender accepted. All the Justices concur.*

DECIDED OCTOBER 21, 1996.

*William P. Smith III, General Counsel State Bar, K. Gene Chap-*

---

[1] Standard 61 provides in part that a lawyer shall promptly notify a client of the receipt of funds and shall promptly deliver those funds to the client. Standard 63 provides in part that a lawyer shall maintain complete records of all funds of a client coming into possession of the lawyer, and shall promptly render appropriate accounts to his client regarding those funds. Standard 65 (A) provides in part that a lawyer shall not fail to account for trust property held in any fiduciary capacity. Standard 65 (D) provides in part that records on trust accounts shall be so kept and maintained as to reflect at all times the exact balance held for each client or other fiduciary.

*man, Assistant General Counsel State Bar,* for State Bar of Georgia.